UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

-----------------------------------------------------------x
                                              :
CHERIE ANN SAVAGE                 :          3:11 CV 2004 (JGM)
                                              :
V.                                          :
                                              :
CAROLYN W. COLVIN[1]            :
COMMISSIONER OF SOCIAL SECURITY  :         DATE: MARCH 7, 2013
                                              :
----------------------------------------------------------- x

## RECOMMENDED RULING ON PLAINTIFF'S MOTION TO REVERSE THE DECISION OF THE COMMISSIONER, AND ON DEFENDANT'S MOTION FOR ENTRY OF JUDGMENT UNDER SENTENCE FOUR OF 42 U.S.C. § 405(g) WITH REVERSAL AND REMAND OF THE CAUSE TO THE DEFENDANT

This action, filed under § 205(g) of the Social Security Act, 42 U.S.C. §§ 405(g) and 1383(c)(3), as amended, seeks review of a final decision by the Commissioner of Social Security ["SSA"] denying plaintiff disability insurance benefits ["DIB"].

### I. ADMINISTRATIVE PROCEEDINGS

On August 20, 2007, plaintiff Cherie Ann Savage applied for DIB claiming that she has been disabled since June 30, 1994, due to bipolar disorder. (Certified Transcript of Administrative Proceedings, dated February 10, 2012 ["Tr."] 21, 130-37, 147; see Tr. 147).[2]

---

[1]Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g): "Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of the Commissioner of Social Security or any vacancy in such office."

[2]The DIB application bears a date of August 28, 2007 (Tr. 130-37), but the Administrative Law Judge correctly noted the date of filing as August 20, 2007. (Tr. 21).

The administrative transcript includes records of at least four other applications for benefits. On April 19, 1983, the Social Security Administration issued a notice denying plaintiff's claim for benefits. (Tr. 64-65). On December 31, 1984, plaintiff again filed for benefits (Tr. 121-24), and was awarded a closed period of disability from September 19, 1984 to December 31, 1985 for plaintiff's psychiatric impairments, but it appears that plaintiff was not notified of this award

Plaintiff's application was denied initially and upon reconsideration. (Tr. 94-96; see Tr. 60-63). On September 25, 2008, plaintiff filed a request for a hearing before an Administrative Law Judge ["ALJ"](Tr. 106; see Tr. 117-18), and on August 11, 2009, a hearing was held before ALJ Ronald J. Thomas, at which plaintiff and a vocational expert testified. (Tr. 825-54; see Tr. 29-35, 42-45).[3] At all times relevant to plaintiff's claim, plaintiff has been represented by counsel. (Tr. 119-20)[4].

On January 27, 2010, ALJ Thomas issued his decision finding that plaintiff has not been under a disability from June 30, 1994, plaintiff's alleged onset date, through June 30, 1994, the date last insured. (Tr. 18-28). On or about February 1, 2010, plaintiff requested review by the Appeals Council (Tr. 16), and on July 21, 2011, the Appeal Council notified plaintiff that it granted her request for review. (Tr. 811-14). On October 21, 2011, the Appeals Council issued a decision finding plaintiff is not disabled; specifically, the Appeals Council concluded that plaintiff did not have a "severe impairment" as of her date last

---

until on or about January 7, 1987. (Tr. 46, 48-49, 66; see Tr. 24-25, 847-48).

On August 18, 2005, plaintiff applied for DIB again (Tr. 125-26; see Tr. 50-51, 188-201, 364-93), which claim was denied initially and upon reconsideration (Tr. 67-69, 70-72), and on August 25, 2006, ALJ Deirdre Horton denied as untimely plaintiff's Request for a Hearing. (Tr. 55; see Tr. 73-80). The Appeals Council remanded on November 29, 2006, and on June 12, 2007, ALJ Horton dismissed plaintiff's claim for insufficiently explained late filing. (Tr. 52-59). The records from SSA related to this application repeatedly reference "insufficient evidence" to make a disability determination. (See Tr. 364-93; see also Tr. 429-42).

On August 20, 2007, plaintiff filed her application for DIB that is presently pending before this Court. (Tr. 130-37). It appears that a concurrent application for SSI was also filed but it is not clear what happened to that claim. (Tr. 81; see generally Tr. 10). On January 30, 2008, plaintiff again filed concurrent applications (Tr. 138-45), from which plaintiff was granted SSI benefits as of December 31, 2007. (Tr. 82-93; see Tr. 97-105, 107-16, 830).

[3]Plaintiff's counsel's objected to the receipt of testimony from the vocational expert by telephone rather than in person. (See Tr. 239-42; see also Tr. 828-29). See note 11 infra.

[4]The hearing transcript reflects representation by "Turner Cass[,]" which counsel in this case, Ivan Katz, appropriately explains is "a mondegreen ('Turner Cass' is a corruption of 'Attorney Katz.')." (Tr. 825; Dkt. #22, Brief, at 3, n.7).

2

insured, June 30, 1994, and thus that plaintiff was not disabled at "Step Two" of the sequential analysis, largely because "[t]here are no medical records for the critical period at issue before the insured status ended to establish a medically determinable severe impairment."  (Tr. 7-12). The Appeals Council decision is the final decision of the Commissioner.  (Id.).

On December 27, 2011, plaintiff filed her complaint in this pending action.  (Dkt. #1).[5]  On March 7, 2012, defendant filed an answer, with a copy of the certified administrative transcript attached.  (Dkt. #11).[6]  On October 4, 2012, plaintiff filed her Motion to Reverse the Decision of the Commissioner, with brief and exhibits in support. (Dkt. #17; see Dkts. ##9, 12, 13-16).  On January 17, 2013, defendant filed a Motion for Judgment Under Sentence Four of 42 U.S.C. § 405(g) with Reversal and Remand of the Cause to the Defendant.  (Dkt. #21; see Dkts. ##18-19).  The next day, plaintiff filed her limited objection to defendant's Motion (Dkt. #22), and on January 25, 2012, defendant filed a Reply.  (Dkt. #23).

For the reasons stated below, defendant's Motion for Judgment Under Sentence Four of 42 U.S.C. § 405(g) (Dkt. #21) granted, and plaintiff's Motion to Reverse the Decision of the Commissioner (Dkt. #17) is granted in part to the extent it is consistent with defendant's motion.

---

[5]Plaintiff commenced this action with a Motion for Leave to Proceed In Forma Pauperis (Dkt. #2), which motion was granted the next day.  (Dkt. #6).

[6]The certified administrative transcript, which is 854 pages, is dated February 10, 2012. (Dkt. #11).

3

## II. DISCUSSION[7]

Following the five step evaluation process, ALJ Thomas found that plaintiff last met the insured status requirements and has not engaged in substantial gainful activity since June 30, 1994. (Tr. 23; see 20 C.F.R. §§ 404.1571 et seq. & 416.971 et seq.). ALJ Thomas then concluded that plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments listed in Appendix 1, Subpart P of 20 C.F.R. Part 404. (Tr. 23; see 20 C.F.R. §§' 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, 416.926). In addition, at step four, ALJ Thomas found that after consideration of the entire record, plaintiff has the residual functional capacity ["RFC"] to perform medium work as defined in 20 C.F.R. § 404.1567(c) and 416.967(c), but she would be limited to engaging in a supervised, low stress environment defined as requiring few decisions. (Tr. 23-26; see 20 C.F.R. §§ 404.1567(c) & 416.967(c)). The ALJ concluded that through the date last insured, plaintiff was unable to perform any past relevant work (Tr. 26; 20 C.F.R. § 404.1565), but given plaintiff's age, education, work experience and RFC, there were jobs that existed in significant numbers in the national economy that plaintiff could have performed, such as work as a janitor, landscape laborer, and packager. (Tr. 26-27; see 20 C.F.R. §§ 404.1569, 404.1569(a), 416.969, 416.969(a)). According to the ALJ, plaintiff has not been under a disability from June 30, 1994, which is also her date last insured. (Tr. 27; 20 C.F.R. §§ 404.1520(g) & 416.920(g)).

Initially, plaintiff moved for an order reversing the decision of the Commissioner on grounds that the ALJ erred in concluding that plaintiff does not have a "severe impairment[,]" and erred in failing to comply with Social Security Ruling ["SSR"] 83-20, 1983 WL 31249

---

[7]Because of the unusual procedural posture of this case, there is no need for the extended Factual Background and Standard of Review normally found in these Social Security rulings.

(S.S.A. 1983),  in considering plaintiff's impairment in light of the lack of medical records (Dkt. #17, Brief at 21-30); the ALJ failed to develop the administrative record (id. at 30-32); and the ALJ's credibility finding is unsupported (id. at 33-37).

In response, defendant moved for entry of judgment under sentence four of 42 U.S.C. § 405(g) with a reversal and remand of the cause to the Commissioner for further action.  (Dkt. #21).  Specifically, defendant seeks remand for the ALJ to: (1) subpoena the records of the treating psychologist, Dr. Rhonda Kreisman, in an attempt to obtain the progress notes that she has stated she has regarding plaintiff; and (2) if it is determined that plaintiff had a medically determinable impairment during the period at issue, obtain a medical expert (if available) to determine the functional effects of the impairment, determine if plaintiff meets/equals a listing and, if not, reassess plaintiff's RFC and whether plaintiff can do past relevant work or any other work in the national economy.  (Dkt. #21, at 1-2). Plaintiff objects to defendant's Motion for Voluntary Remand in that the motion "contains no provision directing the Appeals Council to order that the matter, upon remand, be heard by an [ALJ] other than [ALJ] Ronald J. Thomas."  (Dkt. #22).  Defendant responds that, "although applicable law allows a reviewing court to reassign a matter to a different ALJ in egregious cases, no egregious circumstances are presented here." (Dkt. #23, at 1).

### A. SEVERITY FINDING AND CONSIDERATION OF SSR 83-20

In this case, as discussed above, the current application  – of the four applications filed with SSA -- that is before this Court is plaintiff's August 2007 application.  However, also as discussed above, SSA has found plaintiff disabled twice before.  In his decision, the ALJ acknowledges that based on records of plaintiff's hospitalizations for severe depression and bipolar affective disorder in 1984 and 1985, plaintiff was awarded a closed period of disability

from September 19, 1984 through December 31, 1985 after a finding that plaintiff met the criteria of Listings 12.04 and 12.08. (Tr. 24-25). However, on December 31, 1985, the state agency found that there was medical improvement resulting in plaintiff's ability to perform substantial gainful activity, and thus her mental impairments no longer met listing level severity. (Tr. 25). In his decision denying plaintiff's current application, the ALJ concluded that "there is no significant objective medical evidence in the record of a disabling condition during the period from December 31, 1985, the date medical improvement occurred, through June 30, 1994, the date last insured." (Id.). The ALJ noted that "[s]pecifically, the record demonstrates a significant nine year gap in medical treatment, and documents that the claimant has had no treatment until May 2004." (Id.). On or about June 8, 2008, plaintiff was awarded SSI benefits with an onset date of December 31, 2007. (Tr. 82-93). In light of this history, and the corresponding lack of medical records for the relevant period at issue, plaintiff argues that "the fact that there is no direct medical evidence from June 30, 1994 (or for years prior and subsequent thereto) does not mean that the plaintiff was not suffering from mental impairments at that time[,]" (Dkt. #17, Brief at 22-23), and the ALJ failed to comply with SSR 83-20[8] which directs an ALJ to "call on the services of a medical [expert]

---

[8]Pursuant to SSR 83-20:

the determination of onset involves consideration of [plaintiff's] allegations, work history, if any, and the medical and other evidence concerning impairment severity.
. . .

Medical reports containing descriptions of examinations or treatments of the individual are basic to the determination of the onset of disability. The medical evidence serves as the primary element in the onset determination.

(At *2). However, there are cases in which precise evidence is not available and there is a need for inferences. As SSR 83-20 explains, such an inference may be based on either an "informed judgment of the facts of the particular case . . . [grounded in] a legitimate medical basis[,]" or from "other sources of documentation." Id. at *3. In the former situation, an ALJ "should call on

6

when [the] onset [date of disability] must be inferred."  (Id. at 23)(emphasis omitted).

Plaintiff's argument in favor of remand for further proceedings consistent with SSR 83-20 is even more compelling in light of plaintiff's testimony that in 1994, around the time of her alleged onset date of disability, she was being treated by a counselor, Rhonda Kreisman, Ph.D., who subsequently indicated an unwillingness to provide her treatment notes, but offered to prepare a summary for a fee.  (Tr. 237, 833-34).  Despite plaintiff's requests that an administrative subpoena be issued to compel the production of Dr. Kreisman's record, or that, in the alternative, the SSA bear the expense of Dr. Kreisman's summary report, no records were received, and the ALJ never acted on plaintiff's counsel's written request of August 24, 2009, for the issuance of a subpoena duces tecum.  (Dkt. #17, Brief at 31-32).  Defendant acknowledges this error (Dkt. #21) and seeks remand for the

---

the services of a medical [expert] when [the] onset [date of disability] must be inferred[,] [and] [if] there is information in the file indicating that additional medical evidence concerning onset is available, such evidence should be secured before inferences are made."  Id.  However,

> . . . [w]ith slowly progressive impairments, it is sometimes impossible to obtain medical evidence establishing the precise date an impairment became disabling. Determining the proper onset date is particularly difficult, when, for example, the alleged onset and the date last worked are far in the past and adequate medical records are not available.  In such cases, it will be necessary to infer the onset date from the medical and other evidence that describe the history and symptomatology of the disease process.
>    . . .
>
> If reasonable inferences about the progression of the impairment cannot be made on the basis of evidence in [the] file and additional relevant medical evidence is not available, it may be necessary to explore other sources of documentation.  Information may be obtained from family members, friends, and former employers to ascertain why medical evidence is not available for the pertinent period and to furnish additional evidence regarding the course of the individual's condition.  However, before contacting these people, the claimant's permission must be obtained.  The impact of lay evidence on the decision of onset will be limited to the degree it is not contrary to the medical evidence of record.  (In mental impairment cases, see SSR 83-15, PPS-96, Titles II and XVI, Evaluation of Chronic Mental Impairments).

SSR 83-20, at *2-3.

precise purpose of obtaining Dr. Kreisman's records,[9] and then, if it is determined that plaintiff had a medically determinable impairment during the period at issue, the ALJ is to obtain a medical expert, which would remedy the ALJ's failure to comply with SSR 83-20.

B. REMAND ORDER

The decision to reassign a case to a new ALJ is a decision generally reserved for the Commissioner. Dellacamera v. Astrue, No. 3:09 CV 1175(JBA)(JGM), 2009 WL 3766062, at *1 (D. Conn. Nov. 5, 2009)(Magistrate Judge's Recommended Ruling approved and adopted absent objection, January 7, 2010), citing Travis v. Sullivan, 985 F.2d 919, 924 (7th Cir. 1993)(citation omitted).  Absent a showing of bias or partiality on the part of the ALJ, courts generally do not usurp the Commissioner's authority. Id. (citation omitted).[10]  However, although this "deferential standard of review applie[s]" to the decisions of an ALJ, in certain circumstances, courts, including this Court and the Second Circuit, have issued remand orders directing the assignment of a new ALJ. See Maggipinto v. Astrue, 541 F. Supp. 2d 477, 479-80 (D. Conn. 2007)(relying on the factors outlined in United States v. Robin, 553 F.2d 8, 10 (2d Cir. 1977)["Robin"] to remand the matter to a new ALJ); Miles v. Chater, 84 F.3d 1397, 1400-01 (11th Cir. 1996)(ALJ's observations regarding medical opinions rendered by a doctor retained by counsel entitled plaintiff to an "unbiased reconsideration of her application . . . before a different ALJ")(citations omitted); Ventura v. Shalala, 55 F.3d 900,

---

[9]Defendant contends that in fact ALJ Thomas did act upon plaintiff's request for the production of medical records from Dr. Kreisman, but did so in letter form rather than by subpoena, and Dr. Kreisman never provided the requested records. (Dkt. #23, at 3, citing Tr. 26, 801).

[10]Pursuant to the Social Security Regulations, "[a]n administrative law judge shall not conduct a hearing if he or she is prejudiced or partial with respect to any party or has any interest in the matter pending for decision." 20 C.F.R. § 404.940.  When a claimant objects to the assignment of an ALJ, he or she must notify the ALJ at his or her earliest opportunity. Id.; see Miles v. Chater, 84 F.3d 1397, 1400-01 (11th Cir. 1996).

904-05 (3d Cir. 1995)(remanding to a new ALJ because of original ALJ's offensive conduct)(citation omitted); Kolodnay v. Schweiker, 680 F.2d 878, 880-81 (2d Cir. 1982)(failure of ALJ to consider severity of impairments in combination requires remand to a different ALJ to permit the taking of additional medical evidence).

Plaintiff urges this Court to direct the Appeals Council to remand to another ALJ, and in doing so, uses two different methods of analysis: application of the three "Robin" factors considered for the reassignment of judges in Social Security cases, and application of the four factors articulated in Sutherland v. Barnhart, 322 F. Supp. 2d 282, 292 (E.D.N.Y. 2004). See also Dellacamera, 2009 WL 3766062, at *2.

> The Robin factors include:
>
> (1) whether the original judge would reasonably be expected upon remand to have substantial difficulty in putting out of his or her mind previously-expressed views or findings determined to be erroneous or based on evidence that must be rejected, (2) whether reassignment is advisable to preserve the appearance of justice, and (3) whether reassignment would entail waste and duplication out of proportion to any gain in preserving the appearance of fairness.

Maggipinto, 541 F. Supp. 2d at 479, quoting Robin, 553 F.2d at 10.  In Sutherland, the following four factors are considered when situations arise which "compromise" the "integrity" of the disability review process:

> (1) a clear indication that the ALJ will not apply the appropriate legal standard on remand; (2) a clearly manifested bias or inappropriate hostility toward any party; (3) a clearly apparent refusal to consider portions of the testimony or evidence favorable to a party, due to apparent hostility to that party; (4) a refusal to weigh or consider evidence with impartiality, due to apparent hostility to any party.

322 F. Supp. 2d at 292.  These four factors, while not identical to those in Robin, are certainly parallel to them. Dellacamera, 2009 WL 3766062, at *2; see Johnson v. Astrue, 10 CV 1023 (VLB)(TPS), 2011 WL 2938074, at *1-2 (D. Conn. Feb. 15, 2011); Card v. Astrue,

9

752 F. Supp. 2d 190, 192 (D. Conn. 2010)("In light of the prevailing trend in this district, this court will utilize the Sutherland factors to decide the instant motion."); Barlow v. Astrue, No. 3:09 CV 729(JBA)(JGM), slip op. at 4-7 (D. Conn. Sept. 24, 2009)(Magistrate Judge's decision approved and adopted absent objection, October 14, 2009); Rosado v. Astrue, No. 3:09 CV 440(PCD)(JGM), slip op. at 4-8 (D. Conn. Feb. 2, 2010)(Magistrate Judge's Recommended Ruling adopted absent objection, February 19, 2010).

Plaintiff contends that in addition to remedying the two errors referenced above, the Commissioner must remand this matter to another ALJ as ALJ Thomas also made "explicit assessment of plaintiff's credibility[,]" which "disbelief in [ ] plaintiff's testimony" the ALJ "would have substantial difficulty in putting . . . out of his mind at a second hearing." (Dkt. #22, Brief at 4-5). Additionally, when plaintiff's counsel objected to the vocational expert's testimony taken by telephone, inquiring "Would Your Honor be kind enough to advise as to his grounds for believing that he has authority to call [the vocational expert] by telephone," the ALJ responded: "No. I don't have to explain[,]" (Tr. 828-29), thereby reflecting "inappropriate hostility." (Dkt. #22, Brief at 6).

In this case, there is no evidence to "clearly indicat[e]" that ALJ Thomas will not apply the appropriate legal standard on remand, or that demonstrates a "clear" manifestation of bias or apparent refusal to consider portions of the testimony or evidence favorable to plaintiff. See Sutherland, 322 F. Supp. 2d at 292.[11] As defendant appropriately notes, upon remand, the record will be supplemented by Dr. Kreisman's notes, after which, pursuant to

---

[11] The Commissioner recognizes that this Court has found telephonic testimony from a vocational expert inappropriate, see Edwards v. Astrue, No. 10 CV 1017(MRK), 2011 WL 3490024 (D. Conn. Aug. 10, 2011); see also Koutrakos v. Astrue, No. 3:11 CV 306(CSH), 2012 WL 1247263 (D. Conn. April 13, 2012)(approving this Magistrate Judge's Recommended Ruling, 2012 WL 1283427 (D. Conn. Jan. 9, 2012)), but the hearing in this case took place in 2009, well before the governing decisions on this issue. (Dkt. #23, at 5, n.4).

SSR 96-7p, the ALJ must make a new credibility finding in light of the "entire case record, including the objective medical evidence, the individual's own statements about symptoms," and other factors.  1996 WL 374186, at *1 (S.S.A. July 2, 1996).   Moreover, this case, unlike the others involving this same ALJ, cited to by plaintiff, involves remand stemming from the ALJ's failure to properly obtain medical records by subpoena, and not from the ALJ's failure to apply the appropriate legal standard, the treating physician rule, or any other applicable law.  Accordingly, this Court concludes that plaintiff has not established that the <u>Sutherland</u> factors have been met.

### III. CONCLUSION

For the reasons stated above, defendant's Motion for Entry of Judgment Under Sentence Four of 42 U.S.C. § 405(g) with Reversal and Remand of the Cause to the Defendant, which Motion (Dkt. #21) is <u>granted</u>, and plaintiff's Motion to Reverse the Decision of the Commissioner (Dkt. #17) is <u>granted in part</u> consistent with defendant's motion.  Upon remand, the ALJ should:  (1) subpoena the records of the treating psychologist, Dr. Rhonda Kreisman, in an attempt to obtain the progress notes that she has stated she has on regarding plaintiff; and (2) if it is determined that plaintiff had a medically determinable impairment during the period at issue, obtain a medical expert (if available) to determine the functional effects of the impairment, determine if plaintiff meets/equals a listing and, if not, reassess plaintiff's residual functional capacity and whether plaintiff can do past relevant work or any other work in the national economy.

The parties are free to seek a district judge's review of this recommended ruling.  <u>See</u> 28 U.S.C. § 636(b)**(written objection to ruling must be filed within fourteen calendar days after service of same)**; FED. R. CIV. P. 6(a) & 72; Rule 72.2 of the Local

Rule for United States Magistrate Judges, United States District Court for the District of Connecticut; <u>Small v. Secretary of HHS</u>, 892 F.2d 15, 16 (2d Cir. 1989)**(failure to file timely objection to Magistrate Judge's recommended ruling may preclude further appeal to Second Circuit)**.

Dated at New Haven, Connecticut, this 7th day of March, 2013.

    /s/ Joan G. Margolis, USMJ
Joan Glazer Margolis
United States Magistrate Judge